IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONTA JENKINS,

                 Plaintiff,

v.

SALAM SYED, TRISHA ANDERSON,
KRISTINE DEYOUNG, MELISSA THORNE,
DENISE VALERIUS, KERRY NEWBURY,
JAMIE GOHDE, KATHLEEN WHALEN,
NEAVER WALTERS and CANDACE WARNER,

                 Defendants.

OPINION AND ORDER

16-cv-694-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered on November 9, 2018, I granted defendants' motion for summary judgment, finding that any delays or denials in the treatment of plaintiff's shoulder injury and pain did not amount to deliberate indifference under the Eighth Amendment. Dkt. #72. Now before the court is plaintiff's motion for reconsideration of that order under Fed. R. Civ. P. 59(e), in which he argues that 1) I erred by not considering the evidence that he presented because he did not identify where it was located in the record; and 2) it was unfair for the court to enforce summary judgment procedures against him but not against defendants, who filed a late reply to his response to their proposed findings of fact. Dkt. #75. Plaintiff also has filed a notice of appeal and requests leave to proceed in forma pauperis on appeal. Dkt. #77. For the reasons stated below, I am denying plaintiff's motion for reconsideration and granting his motion for leave to proceed in forma pauperis on appeal.

1

OPINION

A. <u>Motion for Reconsideration</u>

Plaintiff misconstrues my statement in the summary judgment order, in which I noted that "in many instances, plaintiff cited a large group of medical records in support of a general or conclusory statement" and that I "considered plaintiff's proposed findings of fact and responses to defendants' proposed findings of fact only to the extent that they were clearly and obviously supported by his citations to the medical record." Dkt. #72. Contrary to plaintiff's assertion, I considered his proposed findings of fact and reviewed the documents that he submitted in support of them to determine whether there was any obvious factual dispute that precluded granting summary judgment in defendants' favor. As explained in depth in the summary judgment order, there was insufficient evidence from which a jury could conclude that any of the defendants acted with deliberate indifference in failing to provide plaintiff a cortisone injection, magnetic resonance imaging study, physical therapy or pain medication any sooner than they did. Plaintiff does not cite any further evidence or legal authority that undermines my previous conclusions. Therefore, plaintiff's motion for reconsideration will be denied.

B. <u>Leave to Proceed In Forma Pauperis on Appeal</u>

A district court has authority to deny a request for leave to proceed <u>in forma pauperis</u> under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is taken in bad faith or the litigant

is a prisoner and has three strikes. 28 U.S.C. § 1915(a)(1) and (3) and (g); Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). After considering plaintiff's request and supporting documentation, I conclude that plaintiff has established his indigence. Further, plaintiff does not have three strikes against him, and I do not intend to certify that his appeal is not taken in good faith. Therefore, I conclude that plaintiff is eligible to proceed in forma pauperis.

Under 28 U.S.C. § 1915(b)(1)-(2), indigent inmates are required to pay the full amount of the $505 docketing fee for a notice of appeal in increments, starting with an initial partial payment. From my review of plaintiff's inmate trust fund account statement, I conclude that plaintiff is able to make an initial partial payment of $20.25, which will be due no later than December 24, 2018. Thereafter, plaintiff shall pay the remainder of the $505 appellate docketing fee for each case in monthly installments in accordance with 28 U.S.C. § 1915(b)(2).

If the balance in plaintiff's regular account is not sufficient to make the initial partial appeal payment, plaintiff will have to make arrangements with prison authorities to pay some or all of the fee from plaintiff's release account. The only amount plaintiff must pay at this time is the $20.25 initial partial appeal payment. Before prison authorities take any portion from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount is owed.

ORDER

IT IS ORDERED that

1. Plaintiff Donta Jenkins's motion to alter or amend judgment, dkt. #75, is DENIED.

2. Plaintiff's motion for leave to proceed in forma pauperis on appeal, dkt. #77, is GRANTED. Plaintiff may have until December 24, 2018, in which to submit a check or money order made payable to the clerk of court in the amount of $20.25. If plaintiff fails to pay the initial partial appeal payment by that date, or fails to show cause for failure to do so, then I will advise the court of appeals of plaintiff's noncompliance in paying the assessment so that it may take whatever steps it deems appropriate with respect to this appeal.

3. The clerk of court is directed to insure that the court's financial records reflect plaintiff's obligation to pay the $20.25 initial partial appeal payment and the remainder of the $505.00 appeal fee for this case.

Entered this 7th day of December, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge